# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA AIR RESOURCES BOARD, a California Public Agency; TAJINDER GILL, BARRY HO, in their official capacity as Engineers of the California Air Resources Board; and KIRK OLIVER, in his official capacity as Esquire, Office of Legal Affairs, of the California Air Resources Board,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-01942-AWI-SKO<br><br>**ORDER DENYING IN PART PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND REDUCING FILING FEE**<br><br>(Doc. 2) |

## I. INTRODUCTION

On December 30, 2015, Plaintiff William A. Hamilton ("Plaintiff") filed his Complaint against Defendants California Air Resources Board, a California Public Agency; Tajinder Gill and Barry Ho, in their official capacity as Engineers of the California Air Resources Board; and Kirk Oliver, in his official capacity as Esquire, Office of Legal Affairs, of the California Air Resources Board ("Defendants") (Doc. 1) and an application to proceed *in forma pauperis* ("IFP"), seeking to be excused from having to pay the required filing fee (Doc. 2).

## II. DISCUSSION

**A. Legal Standard**

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure

to prepay the fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

This Court has broad discretion to grant or deny Plaintiff's motion.  O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990).  "[P]ermission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process."  Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984).  "The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities. [Citations].  But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).

To prevail on a motion to proceed IFP, a plaintiff need not demonstrate that he is completely destitute but must show that, because of his poverty, he cannot pay the filing fee and still provide his dependents with the necessities of life.  See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).  A "'showing of something more than mere hardship must be made.'"  Nastrom v. New Century Mortg. Corp., 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F. Supp. 757, 759 (W.D. La. 1963).

**B.     Plaintiff's IFP Application**

The information set forth in Plaintiff's IFP application does not demonstrate his inability to pay any amount for the Court's filing fee. The application indicates that Plaintiff's gross monthly wages are $3400 per month and his take-home wages are $ 3,000 per month, he has monthly expenses of $3090, and has one dependent living with him.  (Doc. 2.)  The Court finds that his income is sufficient to allow Plaintiff to pay a reduced filing fee in this case without causing him to forgo the necessities of life.  See Crawford v. Kern Cty. Cty. Sch. Dist. Bd. of Trustees, 2010 WL 1980246, at *2 (E.D. Cal. May 12, 2010); Brown v. Yellow Freight Trucking, 2013 WL 85431, at *1 (E.D. Cal. Jan. 8, 2013) (citing Johnson v. Cargill, Inc., 2008 WL 501341, at *1 (W.D. Tenn. Feb. 21, 2008) (denying motion to proceed IFP where plaintiff's affidavit revealed

that her household income exceeded reasonable monthly expenses)).

Based on the details of Plaintiff's income, assets, and expenses included in his application to proceed IFP, the Court will not deny Plaintiff's IFP application outright. Rather, the Court will reduce the filing fee by half to $175, an amount the Court believes Plaintiff can afford based on his application. See Poslof v. Walton, 2012 WL 691767, *3 (E.D. Cal. Mar. 2, 2012) *report and recommendation adopted*, 2012 WL 968028 (E.D. Cal. Mar. 21, 2012). Requiring Plaintiff to pay such a reduced filing fee is within the Court's discretion. See Johnson v. Next Day Blinds Corp., 2013 WL 656782, *2 n.1 (D. Md. Feb. 21, 2013); Poslof, 2012 WL 697167 at *3; Dukes-Smith v. Loyola Med. Ctr., 2012 U.S. Dist. LEXIS 98934, *1 (N.D. Ill. July 9, 2012).

**ORDER**

Accordingly, the Court HEREBY ORDER that:

1. Plaintiff's application to proceed *in forma pauperis* is DENIED in part; and
2. Plaintiff is ORDERED to pay a reduced filing fee of $175.

IT IS SO ORDERED.

Dated:   March 2, 2016                    _____
                                          SENIOR DISTRICT JUDGE