# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM A. HAMILTON,** | 1:15-cv-01942-AWI-SKO |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **CALIFORNIA AIR RESOURCES BOARD, a California Public Agency; TAJINDER GILL, BARRY HO, in their official capacity as Engineers of the CALIFORNIA AIR RESOURCES BOARD, and KIRK OLIVER, in his official capacity as Esquire, Office of Legal Affairs, of the CALIFORNIA AIR RESOURCES BOARD,** | **ORDER STAYING THE ACTION** |
| Defendants. | |

## I. Introduction

Plaintiff William A. Hamilton ("Plaintiff"), acting in pro per, has filed the instant action against the California Air Resources Board and several of its employees in their official capacities. Plaintiff alleges causes of action that he frames as follows: (1) conspiracy to deprive Plaintiff of rights protected by the Constitution or the laws of the United States in violation of 18 U.S.C. § 241; (2) unlawful search of Plaintiff's business premises; (3) interference with existing private contracts; (4) unreasonable interference with future contracts; (5) violation of equal protection of the laws; (6) violation of substantive due process; (7) violation of the Sherman Anti-Trust Act; (8) defamation per se; (9) false light; (10) intrusion upon seclusion; (11) malicious prosecution; and (12) intentional and negligent infliction of emotional distress. *See* Doc. 1. On April 21, 2016, the California Air Resources Board, Tajinder Gill, Barry Ho, and Kirk Oliver ("Defendants") have filed a motion to dismiss for lack of subject matter jurisdiction

and for failure to state a claim. Doc. 17. The matter was set for hearing on June 6, 2016. *See* Doc. 17. The matter was taken under submission on June 2, 2016. Doc. 19. Plaintiff filed an untimely opposition on June 16, 2016. Doc. 21. Defendants object to Plaintiff's untimely filing and request an opportunity to respond if the Court is inclined to consider Plaintiff's untimely opposition.

For the following reasons, Defendants' motion to dismiss for lack of jurisdiction and for failure to state a claim will be granted in part and denied in part.[1]

## II. Background

Plaintiff is the owner and operator of West Coast Diesel, a heavy-duty truck repair shop at 2320 South Taylor Avenue in Fresno, California. Complaint, Doc. 1 ("Compl.") at ¶ 2; Defendants' Motion to Dismiss, Doc. 17 ("MTD") at 8.[2] In 2014, the California Air Recourses Board ("CARB")—the California agency charged with enforcing California's Toxic Air Contaminants laws and California's vehicle anti-tampering and aftermarket parts laws—received complaints that Plaintiff and West Coast Diesel were "installing illegal diesel particulate filters in heavy-duty diesel vehicles." MTD at 8. Thereafter, it "conducted a site inspection at West Coast Diesel." MTD at 8. CARB did not obtain a warrant to conduct the site inspection. Compl. at ¶ 2. On or around December 31, 2014, CARB sent a cease and desist letter to West Coast Diesel. MTD at 8; Compl. at ¶ 3. Plaintiff contends that the cease and desist letter "restrains [him] from fulfilling his contractual obligations." Compl. at ¶ 3.

"In 2015, CARB continued to document illegal sales and installation of diesel particulate filters by West Coast Diesel." MTD at 8. On October 23, 2015, Carb filed an action against West Coast Diesel and Plaintiff in Fresno County Superior Court, seeking injunctive relief and civil penalties (the "Underlying Action"). *See State of California v. West Coast Diesel*, Fresno Cnty. Super. Ct. No. 15CECG03337; *see* Defendants' Request for Judicial Notice, Doc. 17-1 at 4-15. That action remains pending before the Fresno County Superior Court.

## III. Discussion

---

[1] Defendants' request to file additional briefing, Doc. 22 at 2, will be denied as moot.
[2] Except as otherwise noted, the page numbers referenced with respect to documents filed in this case are those assigned by the Court's electronic docketing system.

Defendants raise three bases for their motion to dismiss: (1) the claims against CARB and the named defendants in their official capacities are barred by eleventh amendment immunity; (2) the Court should invoke *Younger* abstention to refuse jurisdiction; and (3) the three individual defendants are protected under qualified immunity.[3]

"[W]here an official is entitled to absolute immunity, that immunity bars the court's jurisdiction as to claims against that official so that dismissal is warranted pursuant to Rule 12(b)(1)." *Uptergrove v. United States*, 2008 WL 2413182, *5 (E.D. Cal. 2008) (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976)). Similarly, a court invoking *Younger* abstention may refuse to exercise subject matter jurisdiction, a de facto 12(b)(1). *Morris v. Peterson*, 2015 WL 4776088, *2 (N.D. Cal. 2015). "Qualified immunity, by contrast, is not jurisdictional and dismissal is warranted, if at all, only pursuant to Rule 12(b)(6) for defendants who enjoy only qualified immunity." *Uptergrove* 2008 WL 2413182, *5 (citation omitted).

A. Eleventh Amendment Absolute Immunity

   *i. Legal Standard 12(b)(1)*

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *A–Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Where subject matter jurisdiction is lacking dismissal is appropriate pursuant to Rule 12(b)(1). Fed.R.Civ.P. 12(b)(1). A Rule 12(b)(1) motion may either allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint (a factual challenge) or, as here, attack the sufficiency of the pleadings to establish federal jurisdiction (a facial challenge). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

---

[3] Where both jurisdictional and merits grounds are presented in a motion, the Court looks to the jurisdictional issues first. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

Because Defendants bring a facial challenge, the court accepts all allegations of fact in the complaint as true and construes them in the light most favorable to the Plaintiff. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003).

*ii. Analysis*

The Eleventh Amendment bars a lawsuit against a state or its instrumentalities absent the state's consent or abrogation of immunity by Congress. *See Papasan v. Allain*, 478 U.S. 265, 276–77 (1986). As Plaintiff notes, he brings constitutional claims under 28 U.S.C. § 1983. Doc. 21 at 5. Section 1983 did not abrogate a state's Eleventh Amendment immunity, *see Quernn v. Jordan*, 440 U.S. 332, 341 (1979), and California has not waived its immunity generally for section 1983 claims. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). Insofar as Plaintiff seeks relief directly from CARB—a state agency—his claims are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).[4] Similarly, insofar as Plaintiff seeks monetary relief from the state official defendants in their official capacities his claims are against the officials' offices and no different than a suit against the state; his claims are barred by the Eleventh Amendment. *Will*, 491 U.S. at 71 (citing *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985)).

Next, Plaintiff's first cause of action appears, at least in part, to seek injunctive relief. *See* Compl. at ¶ 27 (requesting that this Court stay and/or enjoin the CARB enforcement action now pending before the Fresno County Superior Court and enjoin each of the defendants from "disseminating false information" regarding Plaintiff). Defendants suggest that by naming the state official defendants, Plaintiff "is improperly attempting to evade the state's Eleventh Amendment immunity." Doc. 17 at 11. More specifically, they contend that the named state officers do not have any connection with the challenged action—CARB filing an enforcement action against Plaintiff.

As a foundational matter, claims for prospective relief against the state officials in their official capacities based on violations of federal law are generally not barred by the Eleventh

---

[4] Moreover, states, state agencies, and state officers sued for monetary relief in their official capacities are not "person[s]" within the meaning of section 1983. *Hafer v. Melo*, 502 U.S. 21, 26-27 (1991); *Will,* 491 U.S. at 65-66, 71.

4

Amendment. *Ex Parte Young*, 209 U.S. 123 (1908); *Edelman v. Jordan*, 415 U.S. 651, 667-668 (1974). However, Defendants are correct that the state officer sued "must have some connection with the enforcement of the [allegedly unconstitutional] act" in order to be appropriately named. *See Ex Parte Young*, 209 U.S. at 157. Such a "connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citation omitted). In sum, where a named defendant has no authority to enforce the challenge action, he or she is not an appropriate defendant.

From Plaintiff's complaint, it is unclear what role Defendants Gill, Ho, and Oliver had with regard to this action.[5] It is equally unclear what protected right or federal law Plaintiff alleges to have been violated by Defendants (or how they were violated) in his first cause of action. The Court cannot determine what connection any of those defendants may have with the prosecution of the Underlying Action or with any alleged "disseminat[ion] [of] false information" about Plaintiff. *See* Compl. at ¶ 26. As a result of Plaintiff's pleading deficiency the Court cannot determine whether it would be permitted to exercise jurisdiction over the individual defendants in their official capacities pursuant to *Ex Parte Young*. Plaintiff's claims against the state official defendants in their official capacities will be dismissed.

However, Plaintiff's failure may simply be a pleading deficiency. When a plaintiff's complaint (especially that of a pro se plaintiff) has failed a facial subject matter jurisdiction challenge, a district court should freely grant leave to amend and establish jurisdiction unless doing so would be futile. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). As explained in *Section III(B)*, infra, Plaintiff's complaint is otherwise subject to dismissal. Allowing amendment to establish subject matter jurisdiction would be futile.

---

[5] From Plaintiff's opposition to Defendants' motion to dismiss, it appears that Defendant Gill is a field agent for CARB. Doc. 21 at 6. It seems that his role in this action was limited to investigation of the West Coast Diesel facility. Similarly, Plaintiff opposition contends that Defendant Oliver (also referred to as "Oliver Kirk") was involved with CARB's administrative enforcement process and ultimately referred the matter to the California Attorney General for initiation of the civil action now pending before the Fresno County Superior Court. Doc. 21 at 12. Plaintiff does not explain Defendant Ho's role as it relates to this action.

B. Younger Abstention

Like sovereign immunity, *Younger* abstention implicates the Court's jurisdiction and is addressed in the Rule 12(b)(1) framework.

Defendants contend that, to the extent that this Court can exercise any jurisdiction over this matter, the Court should decline to exercise jurisdiction under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from enjoining ongoing (1) "state criminal prosecutions," (2) "certain civil enforcement proceedings," and (3) civil proceedings "involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, --- U.S. ----, 134 S.Ct. 584, 591 (2013) (internal quotation marks omitted); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citation omitted); *Gilbertson v. Albright*, 381 F.3d 965, 971–72 (9th Cir. 2004) (en banc). If the underlying state action that a federal plaintiff seeks to enjoin falls within one of those categories, the federal court must not exercise jurisdiction if (1) the state judicial proceeding is ongoing, (2) it implicates important state interests, and (3) it provides an adequate opportunity to raise federal challenges. *Middlesex*, 457 U.S. at 432; *see Sprint*, 134 S.Ct. at 593.

The Underlying Action is the kind of state court civil enforcement action to which *Younger* is appropriately applied. In *Huffman v. Pursue, Ltd.*, the Supreme Court explained that *Younger* is premised upon the notion of comity and the understanding that a federal court "should not act to restrain a [state] criminal prosecution." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600-601 (1975). The Supreme Court went on to hold that a nuisance action by the state— although unquestionably a civil claim—was an appropriate subject of *Younger* abstention because it was "more akin to a criminal prosecution than are most civil cases." *Id.* at 605. Prosecution of the nuisance action was "in aid of and closely related to criminal statutes." *Id.* at 605. In a similar vein, the Supreme Court more recently noted that civil actions that might trigger abstention "are characteristically initiated [by a state actor] to sanction the federal plaintiff." *Sprint*, 134 S.Ct. at 592 (citation omitted). Such actions commonly involve investigations, "often culminating in the filing of a formal complaint or charges." *Id.* (citation omitted).

In this case, CARB investigated Plaintiff and West Coast Diesel for suspected violation of California's Toxic Air Contaminants laws, California's anti-tampering laws, and California's aftermarket parts laws. Upon discovering violations, CARB initiated suit against Plaintiff and West Coast Diesel to enjoin (and impose penalties for) the unauthorized sale and installation of diesel particulate filters. Such an action is the type of civil enforcement proceeding to which *Younger* abstention can apply.

The Underlying Action is ongoing. The "ongoing" requirement is satisfied if the state judicial proceedings were underway before the initiation of the federal action, and state appellate review has not yet concluded. *Gilbertson v. Albright*, 381 F.3d at 969 n.4. The Underlying Action was filed in state court on October 23, 2015. That action is still pending before the Fresno County Superior Court. The matter is ongoing.

Next, the Underlying Action implicates important state interests. The state has an important interest in safeguarding the health and safety of its citizens. *Leonard v. King,* 2014 WL 7239453, *5 n.18 (E.D. Cal. Dec. 17, 2014) (citing, *inter alia*, *Hill v. Colorado*, 530 U.S. 703, 715, (2000) ("It is a traditional exercise of the States' police power to protect the health and safety of their citizens.")). There can be no dispute that the Underlying Action implicates health and safety concerns. Specifically, the California Legislature has made explicit that "public health, safety, and welfare may be endangered by the emission into the … air of substances which are carcinogenic … or otherwise toxic or injurious to humans." Cal. Health and Safety Code § 39650. "Diesel particulate matter was identified in 1998 as [one such] toxic air contaminant." 13 C.C.R. § 2020(a). In an effort to limit emissions of diesel particulate matter, the state (among other things) certifies diesel particulate filters, retrofitted for older diesel engines. *See* 13 C.C.R. § 2706. As part of that plan, that state does not permit used diesel particulate filters to be advertised, sold, leased, or offered for sale. 13 C.C.R. § 2706(i)(3)(G). The Underlying Action is an exercise of CARB's enforcement of the policy of limiting emissions of diesel particulate matter. It is an action that implicates important state interests.

Finally, the Court has been presented with no information to suggest that Plaintiff will be prevented from presenting the federal challenges raised here in the state proceeding. The burden

7

of showing that the state court proceedings are inadequate to afford an opportunity to litigate federal claims rests with the plaintiff. *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003) (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 14 (1987)). In the "absence of unambiguous authority to the contrary," the court "must assume that state procedures afford an adequate remedy." *Id*. (citation omitted). Defendants contend that "Plaintiff can appropriately assert his [federal] claims as defenses in the state court action." Doc. 17 at 13. Plaintiff does not contest this assertion. In fact, Plaintiff does not discuss adequacy of opportunity to litigate his federal claims in the Underlying Action at all. For that reason alone, the Court must conclude that the Underlying Action provides adequate opportunity for Plaintiff to air his federal claims.

Select few exceptions apply to the *Younger* abstention doctrine. In *Baffert* the Court recognized that "if state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for *Younger* abstention are met." *Baffert*, 332 F.3d 621 (citing *Gibson v. Berryhill*, 411 U.S. 564, 578-579 (1973). Although Plaintiff's complaint makes clear that he disagrees with the manner in which CARB has given authorization to a limited number of installers of diesel particulate filters, *see* Compl. at ¶ 7, Plaintiff does not seems to dispute that CARB has probable cause to believe that he and West Coast Diesel are unauthorized to install diesel particulate filters and have installed used diesel particulate filters. None of the exceptions to *Younger* abstention apply.

Based on the foregoing, the Court must decline to exercise jurisdiction over Plaintiff's claims for injunctive relief. Those claims will be dismissed with prejudice.

In addition, Plaintiff's §1983 claims for damages alleging violations of federal law, if decided in this action, would have the practical effect of impermissibly undermining the state court's ability to resolve those issues in the Underlying Action. *See Howard Jones Investments, LLC. v. City of Sacramento*, 2016 WL 1599511, *3 (E.D. Cal. Apr. 21, 2016) (citing, *inter alia*, *Gilbertson*, 381 F.3d at 984). However, as to those claims, dismissal is not the appropriate outcome under *Younger*. *See Id*. Instead, "when damages are at issue a district court should

exercise *Younger* abstention by staying the federal action rather than dismissing it." *Id*. (citing, *inter alia*, *Gilbertson*, 381 F.3d at 969).

Accordingly, the Court will stay Plaintiff's § 1983 claims for relief seeking damages based on violations of federal law.[6]

3. Qualified Immunity

Whether a defendant is entitled to qualified immunity does impact the Court's subject matter jurisdiction. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 961-962 (9th Cir. 2004). Instead, qualified immunity is an affirmative defense. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016) (Plaintiffs are not required to "anticipate or plead around qualified immunity defenses in their complaints.") In the rare case that qualified immunity is evident from the face of the complaint, dismissal may be granted on that ground pursuant to Rule 12(b)(6). *See O'Brien v. Welty,* 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)).

*i. Legal Standard 12(b)(6)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or

---

[6] Because all of the claims over which this Court has original jurisdiction have either been dismissed or stayed, the Court will not now determine whether to exercise jurisdiction over Plaintiff's state law claims. The Court will address that determination upon resolution of the Underlying Action and lifting of the stay.

unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

*ii. Analysis*

Defendants' bid for qualified immunity rests upon their contentions that "Plaintiff has failed to allege any facts demonstrating how the State Defendants personally committed any legal violations" and failed to explain how the conduct of any defendant violated any clearly established constitutional right. Doc. 17 at 14. The defense of qualified immunity protects "government officials…from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Supreme Court established a two-step inquiry for determining whether qualified immunity exists. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz,* 533 U.S. 194, 201 (2001). If no constitutional right was violated under the facts as alleged, the inquiry ends and defendants prevail. *See id.* If, however, "a violation could be made out on a favorable view of the [plaintiff's complaint], the next, sequential step is to ask whether the right was clearly established." *Id.* at 201. A government official violates clearly established law when, "at the time of the challenged conduct, 'the contours of [the] right [were] sufficiently clear' that every 'reasonable official would have understood that what he [or she] [was] doing violate[d] that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The Court first addresses whether a constitutional right was violated. Defendants are correct that in order to allege a claim against a state official in his or her individual capacity, the official's own actions must have contributed to the constitutional violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Starr v. Baca*, 652 F.3d 1202, 1206 (2011); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant.") A state official in his or her individual capacity is only held responsible for his or her own misconduct. *Cf. Starr*, 652 F.3d at 1207 (A supervisor could be

held responsible for actions of his or her subordinates if the supervisor "set[] in motion a series of acts by others… or … knowingly refus[ed] to terminate a series of acts by others which the supervisor knew or reasonably should have known would cause others to inflict constitutional injury.") (internal quotation marks and citation omitted). Construed most favorably to Plaintiff, his complaint sets out the following alleged constitutional violations: (1) "Defendants, and each of them, violated Plaintiff's [Fourth Amendment] protection from unreasonable searches and seizures on December 11, 2014, and December 12, 2014 when field agents for [CARB] entered the premises of West Coast Diesel without consent or authority an absent a warrant," Compl. at ¶ 30; (2) "Defendants, and each of them, violated Plaintiff's [c]onstitutional protection from interference with private [present and future] contracts [when they] issued a [c]ease and [d]esist letter" on December 31, 2014, preventing "the Plaintiff from fulfilling contractual obligations," Compl at ¶¶ 34, 37; (3) "Defendants, and each of them, violated Plaintiff's [c]onstitutional right to [e]qual [p]rotection … [when they] fail[ed] to conduct an investigation in a reasonable amount of time …, [failed] to respond to defenses raised by the Plaintiff," Compl. at ¶ 38, and selectively permitted some installers and refused to permit others to install diesel particulate filters despite the absence of a formal certification or authorization process, Compl. at ¶ 42; and (4) Defendants' deprived Plaintiff "of substantive due process" by employing an administrative citation process that ignored Plaintiff's defenses, and failed to provide a neutral decision-maker, Compl. at ¶ 46.

Defendants are correct that Plaintiff's complaint has not identified any specific conduct attributable to any of the named defendants. Plaintiff's failure to allege any personal involvement is fatal to his claims. *See Starr*, 652 F.3d at 1206. They will be dismissed on that basis.[7]

Plaintiff's failure to explain the conduct attributable to each named defendant appears to be only a pleading deficiency. Plaintiff's opposition to Defendants' motion to dismiss—although

---

[7] Defendants additionally contend that Plaintiff "does not explain how or why" the searches that Defendants conducted were unreasonable; how or why any of the named defendants are responsible for an equal protection violation; or how or why any of the named defendants are responsible for a due process violation. Doc. 17 at 14. Determining the merits of Plaintiff's constitutional claims would do exactly what the Court explained that it would not do in the previous section—undermine the state court's ability to resolve those issues, to the extent it sees appropriate, in the Underlying Action. Moreover, this Court need not resolve those issues; Plaintiff's claims will be dismissed for failure to allege personal involvement of any of the named defendants.

untimely filed—indicates that he is able to identify at least some conduct taken by at least two of the named defendants. As a result, dismissal of those claims will be without prejudice. However, because this action will be stayed pending resolution of the Underlying Action, Plaintiff will not be granted leave to amend until the stay has been lifted.

## IV. Order

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's claims for monetary relief against CARB and the state official defendants in their official capacities are DISMISSED with prejudice for lack of subject matter jurisdiction;
2. Plaintiff's section 1983 claims for injunctive relief are DISMISSED with prejudice for lack of subject matter jurisdiction ;
3. Plaintiff's section 1983 claims seeking monetary relief against the state official defendants in their individual capacities are DISMISSED without prejudice for failure to state a claim;
4. This action is STAYED pending the resolution of the Underlying Action;
5. Defendants' request to file additional briefing is DENIED as moot.
6. Plaintiff is ORDERED to provide the Court with status updates every other month, beginning on August 15, 2016, regarding the status of the underlying action. Failure to do so will result in dismissal of this action with prejudice;
7. Plaintiff is ORDERED to inform the Court within fourteen days of finality of any judgment entered in the Underlying Action.

IT IS SO ORDERED.

Dated: __July 5, 2016__       _____
                              SENIOR DISTRICT JUDGE