**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILLIAM A. HAMILTON**, | 1:15-cv-01942-AWI-SKO |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH AN ORDER OF THE COURT** |
| v. | |
| **CALIFORNIA AIR RESOURCES BOARD, a California Public Agency; TAJINDER GILL, BARRY HO, in their official capacities as Engineers of the CALIFORNIA AIR RESOUCES BOARD, and KIRK OLIVER, in his official capacity as Esquire, Office of Legal Affairs, of the CALIFORNIA AIR RESOURCES BOARD**, | |
| Defendants. | |
| _____/ | |

**I. BACKGROUND**

Plaintiff William Hamilton brought suit against the California Air Resources Board ("CARB") and several of its employees relating to an enforcement action that CARB initiated against Plaintiff and his heavy-duty truck repair shop. On July 5, 2016, this Court issued an order dismissing this action in part and staying this action in part. Doc. 23 at 12. That order also required Plaintiff "to provide the Court with status updates every other month, beginning on August 15, 2016, regarding the status of the underlying action." *Id*. The Court cautioned that "[f]ailure to do so will result in dismissal of this action with prejudice." *Id*. To date, Plaintiff has submitted no status report.

## II. DISCUSSION

Plaintiff failed to comply with this Court's July 5, 2015 order when he failed to submit a status update on or before August 15, 2016.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "If a plaintiff fails to … comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). Although the language of the Rule indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005) (citing *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Local Rule 110, corresponding with Fed.R.Civ.P. 11, provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action with prejudice based on a party's failure to obey a court order. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); *Ferdik*, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d

639, 642-43 (9th Cir. 2002); *Bautista*, 216 F.3d at 841; *In re Eisen*, 31 F.3d at 1451; *Ferdik*, 963 F.2d at 1260-61; *Henderson*, 779 F.2d at 1424; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest is in resolving this litigation. *See Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Similarly, the Court's has an interest in managing its docket, given that the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry some of the heaviest caseloads in the nation. Because Plaintiff has failed to comply with the Court's order, the Court's interest in managing its docket weighs in favor of sanctions. *See Ferdik,* 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).

A warning by a district court satisfies the requirement that the Court consider less drastic measures. *Ferdik,* 963 F.2d at 1262; *Henderson,* 779 F.2d at 1424. The Court warned Plaintiff of the potential consequences of his failure to comply with its order. However, the Court will give Plaintiff an opportunity to explain his failure to comply with this Court's order before issuing a terminating sanction.

### III. ORDER

Based on the foregoing, Plaintiff is hereby ORDERED to SHOW CAUSE in writing by September 21, 2016, why this Court should not impose a terminating sanction due to his failure to comply with this Court's order dated July 5, 2016.

Additionally, Plaintiff is hereby ORDERED to file a written status report by September 21, 2016, apprising the Court of the status of the underlying action.

Failure to comply with either of the requirements of this order will result in a terminating sanction.

IT IS SO ORDERED.

Dated:   September 7, 2016                          _____
                                                    SENIOR  DISTRICT  JUDGE